# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN SOLES, | : | CIVIL ACTION NO. 4:CV-13-0029 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| ZARTMAN CONSTRUCTION, INC., *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.  BACKGROUND.**

On January 4, 2013, Plaintiff Brian Soles filed this instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law (collectively "PA Wage Laws"). Plaintiff essentially alleged that he was subject to an unlawful companywide practice by Defendants wherein Defendants failed to pay him overtime compensation for overtime hours he worked. (Doc. 1).

Plaintiff is represented by counsel at Swartz Swidler, LLC, located in Cherry Hill, New Jersey. (*Id.*).  On January 11, 2013, Plaintiff filed an Affidavit of Service for Civil Complaint and Summons that was served on Defendants Zartman Construction, Inc., Dean Paul, and Harold Reich, which was reflected on the docket on January 17, 2013. (Doc. 3).  On February 1, 2013, all three named Defendants filed their Disclosure Statements Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.  (Docs. 4, 5 and 6).  On February 1, 2013, Defendants Zartman Construction, Inc. and Dean Paul filed their Answer to Plaintiff's Document 1 Complaint.  (Doc.

7). On February 1, 2013, Defendant Harold Reich filed his Motion to Dismiss Plaintiff's Document 1 Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and also filed his Brief in Support on that same date. (Docs. 8 and 8-1, respectively).

Plaintiff correctly stated that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 2). *See Mundell v. DBA/DMC Mining Services, Corporation*, Civil No. 12-2614, M.D. Pa. Also, the Court can exercise supplemental jurisdiction over Plaintiff' state law claims under 28 U.S.C. §1367.

On March 8, 2013, we issued a Report and Recommendation ("R&R") to address Defendant Harold Reich's unopposed Document 8 Motion to Dismiss. We recommended that the Court:

1. **DEEM AS UNOPPOSED** Defendant Reich's Document 8 Motion to Dismiss.

2. **GRANT** Defendant Reich's Document 8 Motion to Dismiss in its entirety.

3. **REMAND** the case to the undersigned for further proceedings.

On March 25, 2013, the Court adopted our R&R, and dismissed Defendant Reich as a Defendant without prejudice to allow Plaintiff to file an amended Complaint. The Court also remanded this case to the undersigned for further pre-trial matters. (Doc. 11).

On August 1, 2013, Plaintiff filed a Motion to Amend his Complaint and Join Additional Defendants. (Doc. 17). We granted Plaintiff 's Motion on August 5, 2013. (Doc. 18).

On August 5, 2013, Plaintiff filed his Amended Complaint against Defendants Zartman Construction, Inc. ("Zartman Construction" or "ZCI"), Dean Paul, Vice President of Zartman Construction, David Zartman, President of Zartman Construction, and Vickie Spotts, CFO of

Zartman Construction. (Doc. 19). Plaintiff did not re-name Reich as a Defendant. Plaintiff filed his Amended Complaint on behalf of himself and as a "Collective Action Civil Complaint" on behalf of similarly situated Plaintiffs. Plaintiff again raises his claims under the FLSA and the PA Wage Laws, Counts I-III. Plaintiff states that he was an hourly non-exempt employee who worked for Defendant ZCI as an operator and laborer within the past three years. Plaintiff re-alleges that he was subject to an unlawful companywide practice by Defendants wherein Defendants failed to pay him overtime compensation for overtime hours he worked. Plaintiff avers that he and the other employees (proposed class action Plaintiffs) of ZCI regularly worked more than 40 hours per week. Plaintiff also alleges that he and other employees were subject to an additional unlawful companywide practice by Defendants wherein Defendants miscalculated the overtime compensation it paid them, and that Defendants under-calculated the amount of the overtime premium rate. Plaintiff further claims that Defendants had a companywide practice of failing to pay some operators for the time they spent performing pre-shift inspections and loading company vehicles, that Defendants knew of this practice and failed to correct it. Plaintiff seeks, in part, Defendant to properly pay him and similarly situated Plaintiffs overtime compensation for hours they worked over a 40-hour work week. Significantly, Plaintiff does not allege the he and the other employees had an employment contract with Defendant ZCI at any time. Plaintiff avers that he and the other employees (proposed class action Plaintiffs) of ZCI were non-exempt employees and primarily performed manual labor for ZCI.

Defendants were served with Plaintiff's Amended Complaint and jointly filed their Answer to it on August 16, 2013. (Doc. 21).

On November 12, 2013, Plaintiff filed a Motion for Conditional Collective Action and Class Action Certification pursuant to the FLSA and Fed.R.Civ.P. 23(b)(3), respectively. **(Doc. 22)**. Plaintiff seeks the Court to grant his request for Conditional FLSA Collective Action Certification and Conditional Certification under Rule 23 of his state law claims, *i.e.*, PA Wage Law claims, Counts II & III. Plaintiff attached a 102-paragraph Statement of Facts to his Motion as well as several Exhibits and his attorney's Certification of Exhibits. (Docs. 22-2 through 22-19). Plaintiff also submitted his support brief with his Motion. (Doc. 22-20). On November 26, 2013, Defendants filed their opposition brief to Plaintiff 's Motion with an attached Declaration of their attorney regarding the class discovery that has been conducted to date in this case by the parties. (Docs. 23 & 23-1). On December 13, 2013, Plaintiff filed his reply brief. (Doc. 24).

Plaintiff's Motion for Conditional Collective Action and Class Action Certification (Doc. 22) is ripe for disposition. Plaintiff seeks this Court to grant his Motion for Conditional Collective Action of his claims under the Fair Labor Standards Act and for Class Action Certification under Rule 23 of his claims under Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law. Plaintiff alleges, in part, that Defendant ZCI's employees were subject to an unlawful companywide practice by ZCI regarding its payment of overtime compensation to its employees and were subject to an unlawful companywide practice by ZCI to under-calculate the amounts of its employees' overtime.

## III.     AMENDED COMPLAINT (DOC. 19).

As mentioned, Plaintiff's Amended Complaint alleges that Defendants have failed to redress violations of the FLSA because Defendants "failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA, and furthermore failed to pay named Plaintiff in violation of the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law (collectively "Pennsylvania Wage Laws")."  (Doc. 19, ¶1).

More specifically, Plaintiff alleges, in part, the following facts in his Amended Complaint:

20.   Named Plaintiff and Operator Plaintiffs worked/work for Defendants as Operators engaging in primarily manual labor.

21.   The remaining Plaintiffs worked as laborers on Defendant's construction jobs doing primarily manual labor.

22.   Defendant Zartman compensated/ compensate Named Plaintiff and Operator Plaintiffs by paying a base hourly rate of $19.50 per hour.

23.    Remaining Plaintiffs were compensated on an hourly basis.

(*Id.*, ¶'s 20-23).

Based on these facts, Plaintiff claims that Defendants violated the FLSA because they failed to pay "Named Plaintiff and Plaintiffs overtime compensation for hours worked over 40 per workweek."  (Doc. 19, ¶ 56, Count I).  Plaintiff also claims that Defendants violated the Pennsylvania Minimum Wage Act ("PMWA") because "Defendants' conduct in failing to pay Named Plaintiff overtime compensation for all hours worked beyond 40 per workweek violated the Pennsylvania Wage Laws."  (Doc. 19,  ¶ 63, Count II).  Lastly, Plaintiff claims that Defendants violated the Pennsylvania Wage Payment Collection Law ("PWPCL") because "Defendants conduct in failing to pay Named Plaintiff all owed wages violated the Pennsylvania

Wage Laws." (Doc. 19, ¶ 66, Count III). As stated, Plaintiff does not allege that he and the other proposed class members had an employment contract with Defendant ZCI.

As relief, Plaintiff requests the following:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; [and]

(5) Named Plaintiff and Plaintiffs are to awarded all other relief this Court deems just and proper.

(Doc. 19, pp. 9-10).

## IV. DISCUSSION.

In his present Doc. 22 Motion, Plaintiff seeks the Court to grant his request for Conditional FLSA Collective Action Certification and Class Action Certification under Rule 23 of his state law claims, *i.e.*, PA Wage Law claims. In *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *2 n. 4, Civil No. 12-2614 (M.D. Pa., Oct. 17, 2013 Order), this Court noted "FLSA §216(b) opt-in collective actions and Rule 23 opt-out class actions are not inherently incompatible." (citing *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir.

2012).

Initially, regarding Plaintiff's Pennsylvania Minium Wage Act and Wage Payment Collection Law claims, Counts II and III, and his Motion to Certify his state law wage claims under Rule 23 as a class action, we agree with Defendants that Plaintiff's state law claims should be dismissed because Plaintiff has not alleged a contractual relationship between himself and ZCI. Thus, with respect to Plaintiff's Pennsylvania Minium Wage Act and Wage Payment Collection Law claims, Counts II and III, since there is no allegations in the Amended Complaint that there was a contract between Named Plaintiff and Plaintiffs and ZCI setting forth their agreement on their wages, we find that Plaintiff's PMWA and PWPCL claims fail to state a claim upon which relief can be granted. We agree with Defendants and find that Plaintiff's PMWA and PWPCL claims, Count II and III, are subject to dismissal since Plaintiff failed to allege the existence of a contract. *See Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2.

The PWPCL was enacted to allow employees to force their employers to pay their wages. *Signora v. Liberty Travel, Inc.*, 886 A.2d at 296(citation omitted). The PWPCL gives employees a statutory remedy when their employer breaches an obligation under a contract to pay the employees wages. *Id.* As the *Signora* Court stated, "[t]he PWPCL 'does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.'" *Id.*(citation omitted). Further, "[t]he provisions of the PWPCL are analogous to the protections afforded employees by the [FLSA] ... ." *Id.* Thus, the PWPCL

"provides employees with a private remedy to recover past due wages and benefits." *Dardaris v. Dental Organization for Conscious*, 2007 WL 1300235, *4 (E.D. Pa. May 3, 2007)(citation omitted). Additionally, "[t]he PWPCL 'provides a statutory remedy when an employer beaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned.'" *Id*.(quoting *DeAsensio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)); *see also Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007); *Mundell v. DBA/DMC Mining Services Corp.*, *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2, Civil No. 12-2614 (M.D. Pa., Oct. 17, 2013 Order).

Further, Plaintiff's claim under the PMWA require a contractual relationship between the employee and employer. *Mundell v. DBA/DMC Mining Services Corp.*, *supra* (citing *DeAsensio v. Tyson Foods, Inc.*, 342 F.3d at 309).

Thus, we find that Plaintiff's PMWA and PWPCL claims, Count II and III, are subject to dismissal since Plaintiff failed to allege the existence of a contract. *See Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2, Civil No. 12-2614 (M.D. Pa., Oct. 17, 2013 Order)("[B]ecause claims under the [PMWA and PWPCL] require a contractual relationship between the employee and employer, Plaintiff's claims as drafted must be dismissed because no contract has been alleged.")(citing *DeAsensio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007)). While Plaintiff argues that several federal district courts and the Pennsylvania Superior Court have discredited the proposition that PWPCL and PMWA claims require a contractual relationship between the

employee and employer, Doc. 24, pp. 7-9, as we have pointed out, recently this very Court in *Mundell v. DBA/DMC Mining Services Corp.*, *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2, Civil No. 12-2614 (M.D. Pa., Oct. 17, 2013 Order), found that claims under the PMWA and PWPCL require a contractual relationship between the employee and employer. Therefore, in *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2, Civil No. 12-2614 (M.D. Pa., Oct. 17, 2013 Order), this Court dismissed without prejudice Plaintiff Mundell's claims under the PMWA and PWPCL.[1]

As such, we do not consider Plaintiff's Doc. 22 Motion insofar as it seeks the Court to certify his Pennsylvania state wage claims as a class action under Rule 23.

We now consider Plaintiff's Motion for Conditional Collective Certification with respect to his FLSA claims, Count I.

In Count I of his Amended Complaint, Plaintiff raises claims under the FLSA. In *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d 583, 587-588 (E.D.Pa. 2008), the Court stated:

> In 1938, Congress enacted the Fair Labor Standards Act to govern wage and hour practices. The FLSA establishes a minimum hourly wage, 29 U.S.C. §206, and requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime

---

[1]We note that since Plaintiff Soles has already been permitted to file an Amended Complaint, we recommend that his claims under the PMWA and PWPCL be dismissed with prejudice and that he not be afforded leave to file a second amended Complaint. In our case filed one year ago, we find undue prejudice to Defendants in allowing Plaintiff Soles to file a second amended pleading. It also appears to be futile to allow Plaintiff to file a second amended pleading regarding his PMWA and PWPCL claims since he does not contend that he had an employment contract with ZCI in his instant filings.

9

compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

"When Congress enacted the [FLSA] in 1938, it gave employees and their 'representatives' the right to bring actions to recover unpaid compensation due pursuant to the Act." *Lopez v. Tri-State Drywall, Inc.*, 861 F.Supp.2d 533, 536 (E.D.Pa. 2012)(citation omitted). Thus, "[t]he FLSA permits employees to maintain a collective action under 29 U.S.C. §216(b) on their own behalf and on behalf of all similarly situated employees." *Andrako v. U.S. Steel Corp.*, 788 F.Supp.2d 372, 377 (W.D.Pa. 2011). Further, a Plaintiff must state a cognizable claim of his own in order to bring a collective action in behalf of his co-workers under the FLSA. *Id.(citations* omitted). For present purposes, we find that our Plaintiff has stated cognizable FLSA claims in his own right.

As discussed, in his instant Motion, Plaintiff Soles seeks the Court to conditionally certify his FLSA claims, and he seeks to pursue his claims as a collective action under the FLSA's class opt-in provision pursuant to 29 U.S.C. § 216(b). In his Amended Complaint, Plaintiff indicates that he desires to pursue his FLSA claims "on behalf of all persons presently and formerly employed by Defendant [ZCI] in non-exempt positions subject to Defendants' unlawful pay practices and polices described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated [January 4, 2013] ... ." (Doc. 19, ¶ 13).

The District Court in *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 661 (E.D. Pa. 2001), reversed, in part, regarding the grant of motion by District Court for class certification as to PWPCL class by *DeAsensio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003), stated:

10

In order for a district court to facilitate notice to potential plaintiffs in a representative action under 29 U.S.C. section 216(b) of the FLSA, the representative plaintiffs must show that the potential plaintiffs are similarly situated to the representative plaintiffs and thus the action can go forward as a representative action. *Sperling v. Hoffman-LaRoche, Inc.*, 862 F.2d 439, 444 (3d Cir. 1988), *aff'd* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

As the Court stated in *Evans v. Lowe's Home Centers, Inc.*, 2006 WL 1371073, * 2 (M.D. Pa.):

> [S]ection [216(b)] of the FLSA provides in pertinent part:
>
>> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.
>
> 29 U.S.C. § 216(b). Thus, there are two requirements of the FLSA's opt-in provision: (1) all plaintiffs must be similarly situated; and (2) all opt-in plaintiffs must consent in writing to be a named plaintiff.

The Court in *Evans* granted Plaintiffs' motion for conditional certification, and stated in its Memorandum as follows:

> Whether unnamed plaintiffs are similarly situated has become a two step or tiered process. *Cameron-Grant v. Maxim Healthcare Svcs., Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)); *Smith v. Sovereign Bancorp. Inc.*, No. Civ.A. 03-2420, 2003 WL 22701017, at * 1 (E.D. Pa. Nov. 13, 2003). The first step generally occurs early in the case and involves an inquiry into whether the would-be plaintiffs are similarly situated. *See Cameron-Grant*, 347 F.3d at 1243 n. 2.

11

> This typically results in a conditional certification of the class as it is based on minimal information, usually the allegations of the complaint. *Id*. The second step usually occurs after class related discovery and involves a specific factual analysis of each would-be plaintiff's claim. *Id*. This step is usually conducted in the context of a defendant's motion to decertify the conditionally certified class of opt-ins.

*Id*., *3; *Andrako v. U.S. Steel Corp*., 788 F.Supp.2d at 377("the two requirements for maintaining a §216(b) class action are that employees are similarly situated and each class member file individual consent to opt-in."(citing *Sperling v. Hoffman-La Roche, Inc*., 862 F.2d 439, 444 (3d Cir. 1988)).

"[D]istrict [C]ourts in the Third Circuit have developed a two-stage test" in "determining whether potential class members are similarly situated." *Andrako v. U.S. Steel Corp*., 788 F.Supp.2d at 377(citations omitted). In *Andrako*, 788 F.Supp.2d at 377, the Court then stated:

> During the first or "notice" stage, the court determines whether a class should be conditionally certified for the purpose of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims. *Id*.(citing cases). In so doing, the court preliminarily determines whether the proposed class consists of similarly situated employees. *Id*. (citing *Smith v. Sovereign Bancorp, Inc.,* No. 03–2420, 2003 WL 22701017, at *2 (E.D.Pa. Nov. 13, 2003)). Courts generally examine the pleadings and affidavits of the parties to decide whether the proposed class members are similarly situated, *see Aquilino v. Home Depot, Inc.,* No. 04–4100, 2006 WL 2583563 at *1 (D.N.J. Sept. 7, 2006), and utilize a "fairly lenient" standard in rendering such a determination. *Pontius v. Delta Fin. Corp.,* No. 04–1737, 2005 WL 6103189, at *3 (W.D.Pa. June 24, 2005); *see also Kuznyetsov,* 2009 WL 1515175, at *1; *De Asencio v. Tyson Foods, Inc.,* 130 F.Supp.2d 660, 663 (E.D.Pa.2001) (at first tier, plaintiffs have "fairly low burden" to prove similarly situated requirement). If the plaintiff meets the requisite showing, the class is conditionally certified for the purpose of notice and discovery. *Kuznyetsov,* 2009 WL 1515175, at *1. Once the class is conditionally certified, notice is given to the potential plaintiffs so that they may elect whether to opt-in to the action. *Id*.

12

With respect to the first step in determining if unnamed Plaintiffs are similarly situated, upon examining the pleadings and submissions of the parties to decide whether the proposed class members are similarly situated, we entirely agree with Plaintiff that he meets the requisite showing. As stated, Plaintiff has attached a 102-paragraph Statement of Facts to his Motion as well as several Exhibits and his attorney's Certification of Exhibits. (Docs. 22-2 through 22-19). Plaintiff correctly points out that Defendants have not disputed any of the facts stated in his Statement of Facts for purposes of his instant Motion, and he requests the Court to view his facts as undisputed. (Doc. 24, pp. 1-2).

The District Court in *De Asencio*, 130 F. Supp. 2d at 662,[2] indicated that while § 216(b) does not define the term "similarly situated," the Third Circuit has held, "in order to be similarly situated, plaintiffs must: (1) be or have been employed in the same corporate department, division and location; (2) have advanced similar claims; and (3) have sought substantially the same form of relief. *Lockhart v. Westingohouse Credit Corp.*, 879 F.2d 43, 51 (3d Cir. 1989), *overruled on other grounds as recognized by Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 n. 10 (3d Cir. 1995)."

The District Court in *De Asencio* elaborated on the first tier determination with respect to the issue of whether class members are similarly situated and stated that it is made "at the

---

[2]We note that the 2001 *De Asencio* decision of the District Court was reversed, in part, on other grounds by the Third Circuit concerning the class certification of the state wage law claims under the PWPCL. *See* 342 F. 3d 301 (3d Cir. 2003); *DeAsensio v. Tyson Foods, Inc.*, 500 F.3d 361, 364 (3d Cir. 2007); s*ee also* the Court's citation of *De Asencio* in the *Evans* case (6-17-04 Memorandum, slip op. pp. 3-4, Civil No. 03-438, M.D. Pa.).

13

beginning of the case when the court has minimal evidence, typically results in 'conditional certification' of a representative class." *Id*. (citation omitted). As stated, Plaintiff Soles recently filed his Amended Complaint in the present case on August 5, 2013.

The District Court in *De Asencio* then stated:

> If the district court "conditionally certifies" the class, the potential plaintiffs are given notice and the opportunity to "opt-in" to the action if they so choose. The district court may facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to the potential plaintiffs, or by some other appropriate action. *See Hoffmann-LaRoche*, 493 U.S. at 169, 110 S.Ct. 482. The action then proceeds as a representative action throughout discovery.

*Id*. at 662-663.

In the first tier determination with respect to the issue of whether class members are similarly situated, which we are now presented with in our case, as our Plaintiff Soles recognizes, "the Plaintiffs have a fairly low burden of proving the similarly situated requirement." *Id*. at 663 (citation omitted). Because the Court has minimal evidence when making the first tier determination, "a fairly lenient standard " is utilized. *Id*. at 663 (citation omitted). The *De Asencio* District Court defined the burden of proof Plaintiffs must meet by stating, "[t]he district court in *Sperling* explained that at the first tier, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*.(quoting *Sperling*, 118 F.R.D. at 407).

The Court in *Evans* also found that Plaintiffs seeking conditional certification have a

lenient burden of proof. The *Evans* Court stated, "the first step [typically] results in an automatic conditional certification because of the relatively light standard and minimal evidence." As the *Evans* Court stated, minimal information can establish the first step and generally it is based on the allegations of the complaint. (6-17-04 Memorandum, slip op. p. 3, Civil No. 03-438, M.D. Pa.)(citing *De Asencio, supra*).

Defendants contend that Plaintiff failed to produce evidence that other employees of ZCI would be interested in opting into Plaintiff's proposed class. We agree with Plaintiff that "demonstrating interest on the part of the opt-in class is not a prerequisite to first-stage conditional FLSA certification." (Doc. 24, p. 2). *See also Andrako v. U.S. Steel Corp.*, 788 F.Supp.2d at 377. Rather, as Plaintiff Soles states, "[Plaintiff] must only demonstrate a **modest** factual showing that proposed recipients of notice were affected by Defendants' policies such that they were not paid correctly." (Doc. 24, p. 2)(emphasis original)(citing *Wright v. Lehigh Valley Hosp.*, 2010 WL 3363992, *3 (E.D. Pa. Aug. 24, 2010)(The *Wright* Court "require[d] Plaintiffs to make a basic or modest factual showing that the proposed recipients of opt-in notices are similarly situated to the named Plaintiff.") The *Wright* Court also stated that it is a "lenient standard but requires some evidence beyond mere speculation that Defendant's policy affected other employees." *Id*. Plaintiff Soles states that since he was terminated by Defendants, he is no longer in communication with his former co-workers and thus, he needs the Court's intervention to advise other affected employees of ZCI about the alleged violations of the wage and hour laws by Defendants. (*Id*.). We find that Plaintiff Soles has made more than a modest factual showing that the proposed recipients of opt-in notices are similarly situated to him,

namely, all present and former employees of Defendant ZCI in non-exempt positions who were subject to Defendants' alleged unlawful pay practices and polices and who worked for Defendants at any point in the three years preceding January 4, 2013. (*See* Plaintiff's undisputed Statement of Facts, Doc. 22-2).[3]

We find that based on *Andrako v. U.S. Steel Corp.*, 788 F.Supp.2d at 377, Plaintiff Soles has met the low burden of conditional FLSA certification. We find that Plaintiff's proposed class consists of similarly situated employees of Defendant ZCI who were operators and laborers and, that Plaintiff has sufficiently shown that they were similarly affected by Defendants' alleged failure to pay them overtime compensation for hours worked over 40 per workweek. As Plaintiff states, "[h]e has identified a specific breakdown in Defendant's use of time-sheets to pay for pre-shift inspection time." (Doc. 24, p. 3 & Doc. 22-2). Plaintiff states that Defendants only paid its employee operators for pre-shift inspections when they correctly filled out their time-sheets and, that Defendants knew the operators conducted pre-shift inspections and that they failed to include these inspections on their time-sheets. (*Id.*). As such, we agree with Plaintiff that "[t]his constitutes an 'employer policy' that affected all operators sufficient to sustain the highly minimal burden necessary to establish conditional certification." (*Id.*). Thus, as Plaintiff states, "Defendants had a policy/practice applicable to all operators that made it likely that operators would be underpaid for their work." (*Id.*, at p. 4).

Plaintiff further states that his undisputed regular rate claim, in which he alleges that

---

[3]We note that since Defendants have not disputed Plaintiff's lengthy Statement of Facts for present purposes, Doc. 22-2, we do not repeat them herein. Plaintiff has also submitted Exhibits to support his Statement of Facts.

Defendants paid the operators overtime that failed to properly include shift differentials and bonuses, meets the conditional certification threshold. We again concur with Plaintiff. (*Id*. & Doc. 22-2).

For present purposes, we must address only the similarly situated issue of the first tier determination. As discussed, we agree with Plaintiff that he has met the lenient standard at stage one and has presented more than minimal evidence to show that the operators/laborers of Defendant ZCI during the three years before he commenced the instant action are similarly situated to him. Thus, we shall recommend that the Court grant Plaintiff's Conditional Certification Motion with respect to his FLSA claims, Count I.

As stated, Defendants have attached to their opposition brief to Plaintiff's present Motion a Declaration of their attorney regarding the class discovery that has been conducted by the parties to date in this case, including depositions of Plaintiff and seven of Defendants' representatives as well as 2457 pages of documents Defendants produced. (Docs. 23 & 23-1). The *Evans* Court stated that the second step "is usually taken after discovery and as the court has more information on which to base its decision, a stricter standard applies." 2006 WL 1371073, *3 2(citation omitted). Thus, "[i]n the second stage of class certification, after the court is more fully informed through discovery, the Defendant may move to decertify the class on the basis that the 'similarly situated' standard has not been met and the court makes its final certification decision." *Andrako*, 788 F.Supp.2d at 377-78(citations omitted). Notwithstanding the class discovery which has been conducted to date, we find that Defendants will have the opportunity to move to decertify the class during the second stage of class certification.

Accordingly, we will recommend that the Court grant Plaintiff's Doc. 22 Motion for Conditional Certification of his FLSA claims, Count I. We will recommend that Plaintiff 's Doc. 22 Motion insofar as it seeks the Court to certify his Pennsylvania state wage law claims as a class action under Rule 23 be denied and, that Plaintiff 's state wage law claims, Counts II & III, be dismissed with prejudice.

## V. RECOMMENDATION.

Based on the forgoing, it is respectfully recommended that the Plaintiff's Motion for Conditional Certification of his FLSA claims, Count I, **(Doc. 22)** be granted. It is recommend that Plaintiff 's **Doc. 22** Motion insofar as it seeks the Court to certify his Pennsylvania state wage law claims as a class action under Fed.R.Civ.P. 23 be denied and, that Plaintiff 's state wage law claims, Counts II & III, be dismissed with prejudice.

                                    s/ Thomas M. Blewitt
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: January 15, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN SOLES, | : | CIVIL ACTION NO. 4:CV-13-0029 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ZARTMAN CONSTRUCTION, INC., | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 15, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: January 15, 2014**