IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN SOLES, on behalf of himself and those similarly situated, | : : : | 4:13-cv-29 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| ZARTMAN CONSTRUCTION, INC., *et al.*, | : : : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### July 18, 2014

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 25), filed on January 15,

2014, which recommends that we grant Plaintiff's Motion for Conditional

Collective Action and Class Action Certification (Doc. 22) with regard to his

FLSA claims in Count I but deny his state law wage claims in Counts II and III.

Magistrate Judge Blewitt further recommends that Plaintiff's state law claims in

Counts II and III be dismissed with prejudice.

On February 3, 2014, Plaintiff filed objections to the R&R.  (Doc. 26).

Defendants did not file any objections.  Thus, the matter is fully ripe for our

1

review.  For the reasons that follow, we shall adopt in part and reject in part the R&R of Magistrate Judge Blewitt.

## I.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.   DISCUSSION

### A.    Background

Magistrate Judge Blewitt sets forth the factual and procedural background of this case at pages one through six of the R&R.  We need not repeat the facts herein, but shall provide a bare-bones summary for the benefit of the reader.  Plaintiff alleges that he was an hourly non-exempt employee of Defendant Zartman

2

Construction Company ("ZCI") but was denied overtime compensation for overtime hours he worked. Plaintiff avers that this denial was pursuant to an unlawful companywide practice that also affected other similarly-situated employees. Plaintiff also alleges that he and other employees were required to perform pre-shift work for which he was not paid.

On November 12, 2013, Plaintiff filed a Motion for Conditional Collective Action and Class Action Certification (Doc. 22) of his claims under the federal Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), and Pennsylvania Wage Payment and Collection Law ("PWPCL").

### B.     Magistrate Judge Blewitt's Recommendations

As noted previously, Magistrate Judge Blewitt recommended that Plaintiff's motion be granted with regard to his FLSA claim, but denied with respect to his PMWA and PWPCL claims. Magistrate Judge Blewitt went on to recommend that not only should certification be denied with regard to those two state law claims, but they should be dismissed entirely. Because Magistrate Judge Blewitt determined that Plaintiff's PMWA and PWPCL claims should be dismissed, he did not consider the merits of Plaintiff's motion to certify those claims for class action under Fed. R. Civ. P. 23(b)(3).

Plaintiff agrees with Magistrate Judge Blewitt's determination that his FLSA claim should be certified for collective action.[1]  However, he objects to the conclusion that his two state law claims should be denied class action certification and dismissed.  We shall now address Plaintiff's objections in turn.

## 1.     Pennsylvania Minimum Wage Act

Magistrate Judge Blewitt found that Plaintiff's PMWA claim should be denied class action certification and dismissed because Plaintiff failed to allege the existence of a contract setting forth an agreement on wages.  (Doc. 25 at 7). Magistrate Judge Blewitt based that conclusion on a footnote in this Court's unpublished Middle District case, *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575, *1 n. 2 (M.D.Pa. Oct. 17, 2013), stating that claims under the PMWA and the PWPCL require a contractual relationship between the employee and employer.  In *Mundell* we cited *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003), for the proposition that a contractual relationship must be alleged to present a PMWA claim.[2]  We must now conded our error in reaching

---

[1] For the reasons discussed in Magistrate Judge Blewitt's R&R (Doc. 25 at 9-18), we agree that conditional class certification of Plaintiff's FLSA claim is warranted and shall grant his motion to that extent.

[2] In *Mundell* we separately cited *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D.Pa. 2007) for the proposition that a contractual relationship must be alleged for a plaintiff to bring a claim under the PWPCL.

this conclusion.  Having reviewed the decision in *De Asencio*, it is clear that this citation in *Mundell* and the underlying R&R's reliance on it were in error.  No discussion of the PMWA takes place on page 309 of the *De Asencio* opinion, and in fact the PMWA is not mentioned on *any* page of the document; the plaintiffs in that case presented claims only under the FLSA and PWPCL.  Accordingly, we erred in adopting the R&R on that point.

Contrary to the erroneous statement in *Mundell*, the PMWA does not require the existence of a contract to establish a claim.  The PMWA is essentially the Pennsylvania analogue of the federal FLSA, and a plaintiff may present a case under either statute without alleging the existence of a contract.  *See In re Cargill Meat Solutions Wage and Hour Litigation,* 632 F.Supp.2d 368, 397-98 (M.D.Pa. 2008) (dismissing plaintiffs' PWPCL claim because there was no contract, but preserving their FLSA and PMWA claims).  The PMWA does not require a contract, and in fact the existence of a contract that fails to conform to the PMWA, such as one containing an agreement to a wage below the applicable minimum wage, does not excuse noncompliance.  43 P.S. § 333.113.  Whether a worker is an "employee" subject to the protections of the PMWA is a fact-based inquiry regardless of what a contract says and even whether a contract exists at all.  *See Com., Department of Labor and Industry, Bureau of Labor Law Compliance v.*

*Stuber,* 822 A.2d 870, 873-74 (Pa. Commw. Ct. 2003) *aff'd sub nom. Com. v.*

*Stuber*, 859 A.2d 1253 (Pa. 2004) (describing the "economic realities" test used to

determine whether an employer-employee relationship exists).  Therefore, the

conclusion expressed in the R&R that Plaintiff's PMWA claim must be dismissed

was in error and we decline to adopt it.

Having determined that Plaintiff's PMWA claim should not be dismissed,

we are still left with the question at the heart of Plaintiff's motion: should

Plaintiff's PMWA claim be certified as a class action under Rule 23?  Because

Magistrate Judge Blewitt determined that the claim should be dismissed it its

entirety, he did not consider this issue in his R&R.  We now examine whether class

action certification is appropriate with regard to Plaintiff's PMWA claim.

### a.    Rule 23 Certification of PMWA Claim

In order to achieve certification of his PMWA claim as a class action under

Rule 23, Plaintiff must clear a series of hurdles.  First, Plaintiff must show that the

class is clearly defined and objectively ascertainable.  *See Marcus v. BMW of North*

*America, LLC*, 687 F.3d 583, 591 (3d Cir. 2012).  Next, Plaintiff must show that

the four prerequisites of Rule 23(a) are satisfied: "(1) the class is so numerous that

joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are

6

typical of the claims or defenses of the class; and (4) the representative parties will

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Finally, if all these requirements have been met, Plaintiff must then satisfy at least

one of the three requirements of Rule 23(b).  The requirements of  Rule 23(b) are:

1. prosecuting separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

2. the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

3. the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).  With regard to all of the aforementioned requirements,

Plaintiff bears the burden of proving by a preponderance of the evidence that class

certification is appropriate. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

## I.     Class Definition and Ascertainability

Before an analysis of the explicit requirements of Rule 23, two preliminary matters must be addressed: (1) whether the class is clearly defined and (2) whether the class is objectively ascertainable.  *See Marcus v. BMW of North America, LLC*, 687 F.3d 583, 591 (3d Cir. 2012); *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013).  With regard to the definition of the class, "the text of the order or an incorporated opinion [certifying a Rule 23 class action] must include (1) a readily discernable, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernable, clear, and complete list of claims, issues, or defenses to be treated on a class basis."  *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 187 (3d Cir. 2006) (citing Fed. R. Civ. P. 23(c)(1)(B)).  With regard to ascertainability, the class must be "currently and readily ascertainable based on objective criteria."  *Marcus*, 687 F.3d at 593.  If class members cannot be identified without extensive and individualized fact-finding, a class action is inappropriate.  *See id.*

Here, Plaintiff's proposed order (Doc. 22-1) fails to provide a clear and precise statement of the parameters defining the class and fails to provide a

complete list of the claims, issues, or defenses to be treated on a class basis. Plaintiff's proposed order merely orders "that Count II of Plaintiff's Amended Complaint be conditionally certified as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure." However, we can discern a clear definition from the totality of Plaintiff's Amended Complaint, motion for class action certification, and related briefing. If the Court determines that certification of Plaintiff's PMWA claim is appropriate, we will define the class in our Order as "employees of Defendant Zartman Construction, Inc., who are non-exempt under state and federal wage and hour law and who at some time in the last three years received an Incentive Pay Bonus, Night Premium, and/or Well Premium which was not included in their regular rate for the purpose of calculating their overtime rate, and were therefore allegedly paid an overtime rate less than 1.5 times their regular rate."

Working from this definition, the proposed class is readily ascertainable. Plaintiff avers that ZCI's records will reveal the identities of the putative class members and ZCI does not contend otherwise. We agree that the company's employment records could reasonably be expected to pinpoint exactly which former and/or current employees are members of the putative class, and therefore find that the proposed class is ascertainable.

### ii.     Numerosity

In order for a class to be large enough to warrant class certification, it must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  No specific minimum number of plaintiff is required to maintain a suit as a class action, "but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).  Here, Plaintiff states in his Statement of Facts (Doc. 22-2) that ZCI employs on its construction jobs approximately 70 laborers, 20 foremen, and 10 supervisors.  (Doc. 22-2, ¶ 9). Even assuming, *arguendo*, that the foremen and supervisors are exempt employees not covered by the PMWA and that some percentage of laborers may have been unaffected by the company policies which allegedly resulted in Plaintiff's underpayment of wages, it is still exceedingly likely that the potential class comprises at least 40 persons.  This is particularly true if the approximately 70 laborers per job has not been a static group; in other words, if there has been turnover resulting in more than 70 total individuals working for ZCI as laborers during the last three years.  Unless ZCI employs a preternaturally loyal workforce, common sense suggests that this is almost certainly the case.  Even without such speculation, Plaintiff's uncontroverted statement of fact regarding the size of ZCI's

workforce demonstrates by a preponderance of the evidence that the first prong of Rule 23(a) is met.

### iii.   Commonality

Commonality "requir[es] a plaintiff to show that 'there are questions of law or fact common to the class.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550-51 (2011) (quoting Fed. R. Civ. P. 23(a)(2)).  "There may be legal and factual difference among members of a class, as long as all were subjected to the same harmful conduct by the defendant." *Rodriguez v. National City Bank*, 726 F.3d 372, 383 (3d Cir. 2013) (citing *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)).  Rule 23(a)(2) "does not require identical claims or facts among class member[s]. *Marcus*, 687 F.3d at 597.  A single common question will do. *Id*. (citing *Dukes*, 131 S. Ct. At 2556).

Plaintiff seeks to offer evidence that ZCI's corporate policies resulted in a miscalculation of the regular rate used to calculate employees' overtime rate. Although the precise detrimental effect of these policies on any specific employee may vary, that miscalculation and resulting underpayment affected all class members.  Every member of the class was allegedly subjected to the same harmful conduct by the Defendants.  Therefore, the commonality requirement is satisfied.

### iv.   Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative plaintiff be typical of the claims or defenses of the class.  Typicality and commonality "are closely related and often tend to merge."  *Marcus*, 687 F.3d at 598 (citing *Baby Neal*, 43 F.3d at 56).  "Typicality, however, derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present."  *Id.*  To determine whether a named plaintiff is "markedly different" from the class as a whole, courts engage in a comparative analysis involving three distinct, though related, concerns:

> (1) the claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 (3d Cir. 2009).  Even where there are some factual differences, typicality is established if the representative plaintiff's claim arises from the same course of conduct from which the other class members' claims arise.  *See Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006).

As discussed above, Plaintiff's claims are legally and factually typical of the potential class and there is no reason to believe that his interests and incentives are markedly different than those of the class.  The only argument that Defendants present with regard to typicality is that Defendants have a unique defense as to Plaintiff which is inapplicable to many members of the class and likely to become a major focus of the litigation.  (Doc. 23 at 13).  Defendants contend that Plaintiff's own evidence from the deposition of Dean Paul (Doc. 22-11 at 33:21-36:6) suggests that Plaintiff failed to fill out his time sheets properly.  Because Plaintiff has not presented evidence that other potential class members similarly filled out their time sheets improperly, Defendants believes they have a unique defense as to Plaintiff.

Despite Defendants' contention on this point, the Court cannot envision that this question will become the "major focus of the litigation."  This is not a case where a complete defense, such as res judicata, potentially applies to Plaintiff but not the putative class.  *See Zenith Laboratories, Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976) (holding that a unique res judicata defense "could conceivably become the focus of the entire litigation and divert much of [the plaintiff]'s attention from the suit as a whole," and thus "the remaining members of the class could be severely disadvantaged by [the plaintiff]'s representation.").

13

The number of hours Plaintiff worked is relevant with regard to damages, but the principal questions presented by the suit go to ZCI's corporate policies. The controversy here is whether those policies violate the PMWA and whether those policies were applied to Plaintiff and other potential class members. If ZCI miscalculated any employee's overtime rate such that it was less than one and a half times that employee's regular rate, and then paid them accordingly, there was a violation. Plaintiff's attention will not be diverted from proving such a violation because he must establish the unlawfulness of ZCI's overtime policy before his individual number of hours worked becomes a relevant issue. Because ZCI's defense is unlikely to become the major focus of litigation, we find Plaintiff to be typical of the putative class.

### v.    Adequacy of Representation

The four and final requirement of Rule 23(a) is that the representative plaintiff must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To be an adequate representative, "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975). Defendants have not contested this point and the Court sees no reason to

find that Plaintiff's interests are antagonistic to those of the potential class or that Plaintiff's counsel is unqualified.  Thus, Plaintiff can adequately represent the class.

### vi.    Rule 23(b) Requirements

In addition to the four prerequisites in Rule 23(a) discussed above, a class must also satisfy at least one of the requirements set forth in Rule 23(b).  Here, Plaintiff has specifically requested certification under Rule 23(b)(3).  As noted previously, Rule 23(b)(3) requires that:

> questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, Defendants argue that individualized issues of fact predominate and class certification is therefore unsuitable.

Under Rule 23(b)(3), questions of law or fact common to class members must predominate over questions affecting only individual members.  The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant

adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  This standard is "far more demanding than the commonality requirement of Rule 23(a), requiring more than a common claim." *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 311 (3d Cir. 2008) (internal citations omitted).  The "nature of the evidence ... determines whether the question is common or individual." *Id.* (citing *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).  "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001).  If common issues to determine liability predominate, class certification is appropriate even if damages must still be proven individually.  *See Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985).

This case presents the situation described in *Eisenberg*: damages must be determined individually, but common issues to determine liability predominate.  To prove liability, Plaintiff must show that ZCI's method of determining employees' overtime rates systematically miscalculated those rates such that employees were not appropriately compensated for time worked beyond forty hours per week.  That is the predominant issue presented.  The question of whether ZCI's system of calculation determined overtime rates at an impermissibly low amount can be

answered without individualized inquiry.  Individual treatment will inevitably be

required to determine damages owed to individual class members, if liability is

established.  However, it appears that individual treatment will likely be a matter of

mathematics, recalculating each employee's overtime wages based on ZCI's records

of their hours worked and a "corrected" formula.  Because liability can be

determined without individualized inquiry which would predominate over common

issues regarding ZCI's overtime payment policy, Rule 23(b)(3) is satisfied.

Plaintiff has met the requirements of Rule 23 and conditional class certification of

his overtime compensation claim under the PMWA is appropriate.

### 2.      Pennsylvania Wage Payment and Collection Law

In addition to Plaintiff's FLSA and PMWA claims for "Failure to Pay

Overtime Compensation," he also presents a claim under the PWPCL for "Failure

to Pay Wages – Off-the-Clock."  This claim is based on an allegation that Plaintiff

and other "Operator Plaintiffs," apparently a subset of ZCI's laborer workforce,

were required to perform daily pre-shift activities for which they were not paid.

These duties included maintenance checks of their work trucks and the loading of

material and equipment onto those trucks prior to departing for job sites.  (Doc. 19

¶¶ 40-42).  Plaintiff alleges these activities took an average of one hour per day to

complete, but that he and the other Operator Plaintiffs were only paid for thirty minutes.  (Doc. 19 ¶¶ 43-45).

As with Plaintiff's PMWA claim, Magistrate Judge Blewitt found that Plaintiff's PWPCL claim should be denied class action certification and dismissed because Plaintiff failed to allege the existence of a contract setting forth an agreement on wages.  (Doc. 25 at 7).  The R&R found that this was fatal to Plaintiff's claim because a PWPCL cause of action requires a contract agreeing on wages to be paid.  Because Plaintiff's Amended Complaint does not mention such a contract, the R&R concludes that Plaintiff failed to plead an essential element of the claim.

Magistrate Judge Blewitt based his recommendation of dismissal largely on this Court's decisions in *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726 (M.D.Pa. 2007) and *Mundell v. DBA/DMC Mining Services Corp.*, 2013 WL 5675575 (M.D.Pa. Oct. 17, 2013).  In *Lehman*, this Court held that "a prerequisite for relief under the [PWPCL] is a contract between employee and employer that sets forth their agreement on wages to be paid."  *Id.* at 733 (citing *Mavrinac v. Emergency Med. Ass'n of Pittsburgh*, 2005 WL 2304995, at *8 (W.D.Pa. Sept. 21, 2005)).  There are also citations in *Lehman* to the Pennsylvania Supreme Court's statement in *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997), that "[t]he

Wage Payment and Collection Law provides employees a statutory remedy to

recover wages and other benefits that are contractually due to them" and the Third

Circuit Court of Appeals' decision in *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d

Cir. 1990), holding that the PWPCL "does not create a right to compensation.

Rather, it provides a statutory remedy when the employer breaches a contractual

obligation to pay earned wages.  The contract between the parties governs in

determining whether specific wages are earned."  The *Weldon* court went on to

grant summary judgment because the plaintiff had not produced evidence that the

defendant "had an express contractual obligation to pay wages" to him and the court

did not "believe that a reasonable trier of fact could infer ... the existence of an

implied contractual obligation."  *Id.*  Finally, Magistrate Judge Blewitt pointed to

this Court's decision in *Mundell*, requiring a contractual relationship to maintain a

PWPCL claim, as confirmation that this rule had not changed in the intervening

years.  *Mundell*, *supra*, n. 2.

    In Plaintiff's objections to the R&R, he does not deny the existence of these

cases or attempt to distinguish them from the situation at hand.  Instead, Plaintiff

suggests that these rulings are outdated and that recent decisions have called into

question the necessity of alleging a contract when asserting a PWPCL claim.

Plaintiff suggests that the quote from *Oberneder,* the Pennsylvania Supreme Court

decision cited by this Court in *Lehman*, is non-precedential dicta because that case involved attorneys' fees in a PWPCL case and the question of whether a contract must be alleged to bring such a claim was never before the court.  Plaintiff points to *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa.Super. 2009), as the first time the issue was raised before a Pennsylvania appellate court.  In *Lugo*, the Pennsylvania Superior Court found that the appellants could bring a claim under the PWPCL to enforce their right to wages owed to them under the PMWA.  *Lugo*, 967 A.2d at 969.  An appeal from that decision was denied by the Pennsylvania Supreme Court without comment.  *See Lugo v. Farmer's Pride, Inc.*, 980 A.2d 609 (Pa. 2009).  Plaintiff points to a number of federal district courts that have since held, based on *Lugo*, that a statutory right to unpaid wages may be litigated under the PWPCL regardless of whether the existence of a contract has been alleged.  *See, e.g., Zebroski v. Gouak*, 2009 WL 2950813 (E.D.Pa. Sept. 9, 2009); *Wink v. Ott*, 2012 WL 1855216 (M.D Pa. May 21, 2012); *Deron v. SG Printing, Inc.*, 2012 WL 1902577 (M.D.Pa. May 25, 2012); *Galloway v. George Junior Republic*, 2013 WL 5307584 (W.D.Pa. Sept. 19, 2013).

Because this issue of Pennsylvania law has not been squarely decided by the Pennsylvania Supreme Court, and because of the mixed and often contradictory nature of federal district court rulings within the Third Circuit, we decline to adopt

Magistrate Judge Blewitt's recommendation that dismissal of Plaintiff's PWPCL

claim is appropriate.  Our determination on this issue is without prejudice to

Defendants' right to subsequently file a motion for dismissal or summary judgment

and presenting further argument on the matter.  However, based only on the parties'

briefs regarding Plaintiff's Motion for Conditional Collective Action and Class

Action Certification - briefs which, understandably, focus on class action

certification and expend few words discussing this particular issue - we cannot

confidently dismiss Plaintiff's PWPCL claim at this time.  Instead, we move to

whether to conditionally certify Plaintiff's PWPCL claim under Rule 23.

### a.    Rule 23 Certification of PWPCL Claim

As with Plaintiff's PMWA claim, the various requirements of Rule 23 must

be met in order for the Court to grant conditional certification of the PWPCL claim.

Unlike Plaintiff's PMWA claim, his PWPCL claim is not suitable for class action

certification.

The first requirement imposed by Rule 23(a) is numerosity.  With regard to

Plaintiff's claim for off-the-clock pre-shift work, he has not proven that the subclass

of Operator Plaintiffs is sufficiently numerous.  In the evidence submitted by

Plaintiff, the number of "operators" employed by ZCI is estimated to have been

twelve or thirteen for about the past five years.  (Doc. 22-6 at 22:12-23:17).  A

21

dozen, or perhaps a baker's dozen, potential plaintiffs is not "so numerous that joinder of all members is impracticable."  Therefore, Plaintiff has not shown that the numerosity requirement of Rule 23(a) is satisfied.

In addition, Rule 23(b)(3) requires that questions of law or fact common to class members predominate over questions affecting only individual members. Because of the nature of Plaintiff's PWPCL claim, he cannot satisfy this criterion. The PWPCL claim is based on the amount of unpaid hours worked by Plaintiff and other Operator Plaintiffs.  Inherent in the claim is that these hours are off-the-clock and unrecorded.  To prove liability, each plaintiff needs to show as a factual matter that they spent time working in excess of the hours recorded on their time sheets for which they were paid.  It is very unlikely that such a determination could be made without individualized inquiry.  This is in contrast to Plaintiff's PMWA claim, in which the number of hours worked is generally uncontested and apparent from written records without individualized inquiry, and the primary issue is the legality of a policy applied uniformly to all overtime-eligible employees.  With Plaintiff's PWPCL claim, the factual question of how many, if any, unpaid hours each individual employee worked off-the-clock predominates over questions common to all class members.  Accordingly, Plaintiff's PWPCL claim will not be granted conditional certification under Rule 23.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above and to the extent described below, we shall adopt in part and reject in part the Report and Recommendation of Magistrate Judge Blewitt (Doc. 25).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Report and Recommendation of Magistrate Judge Carlson (Doc.

25) is **ADOPTED IN PART** to the following extent:

    a.    Plaintiff's claim under the FLSA, contained in Count I of his

Amended Complaint, is conditionally certified as a collective

action pursuant to 29 U.S.C. § 216(b).

2.    The Report and Recommendation of Magistrate Judge Carlson (Doc.

25) is **REJECTED IN PART** to the following extent:

    a.    Plaintiff's claim under the PMWA, contained in Count II of his

Amended Complaint and concerning Defendants' alleged

miscalculation of overtime rates, shall not be dismissed and is

**GRANTED** conditional class action certification pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, with a

class defined as "employees of Defendant Zartman Construction,

Inc., who are non-exempt under state and federal wage and hour

law and who at some time in the last three years received an

Incentive Pay Bonus, Night Premium, and/or Well Premium

which was not included in their regular rate for the purpose of

calculating their overtime rate, and were therefore allegedly paid

an overtime rate less than 1.5 times their regular rate."

b. Plaintiff's claim under the PWPCL, contained in Count III of his

Amended Complaint and concerning Defendants' alleged failure

to pay for off-the-clock work, shall not be dismissed but is

**DENIED** conditional class action certification pursuant to Rule

23(b)(3) of the Federal Rules of Civil Procedure. As noted

above, our decision not to dismiss Count III at this time is

without prejudice to Defendant's right to file a motion squarely

presenting and more comprehensively arguing this point.

3. The parties shall meet and confer about the form of court-supervised

notice within fourteen (14) days of the date of this Order and Plaintiff

**SHALL FILE** a motion for notice to potential collective action and

class action members within thirty (30) days of the date of this Order.

4. Within thirty (30) days of the date of this Order, the parties **SHALL

FILE** a letter on the docket stipulating to a trial term and, based on the

chosen trial month, attendant deadlines for the completion of discovery

and filing of dispositive motions.

s/ John E. Jones III
John E. Jones III
United States District Judge